IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION
_____

| | | |
|---|---|---|
| TIMOTHY T. NESDALE, | ) | Cause No. CV 11-33-M-DWM-JCL |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND RECOMMENDATION |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MIKE MAHONEY, | ) | |
| | ) | |
| Respondent. | ) | |

_____

On February 7, 2011, the Court received a letter from Timothy Nesdale, addressed "to whom it may concern." Nesdale was advised that he had either to file a petition in this Court or state that he did not intend to do so. On March 11, 2011, he filed an Amended Petition.

Nesdale alleges that the State breached the plea agreement and the trial court altered his sentence after it had been pronounced. As a result, he contends, he has been in prison long past his expected release date of September 30, 2010, and the Board of Pardons and Parole has illegitimately been vested with discretion to determine when he will be released. See Final Board Dispositions (Sept. 2010) at 15,

1

http://mt.gov/bopp/archives.asp.

Nesdale asserts that he has not filed and cannot file in state court. He explains that he waived his right to appeal in his plea agreement, and he asserts that it is too late to present his claims in state court. Am. Pet. (doc. 4) at 2-3 ¶¶ 8-13.

Nesdale is not unable to file in state court, and he must do so. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999); Rose v. Lundy, 455 U.S. 509, 520 (1982). Judgment was entered on April 7, 2010. Id. at 2 ¶ 2. He can no longer file a direct appeal, Mont. R. App. P. 4(5)(b)(i), but he can present his claims in the trial court in a petition for postconviction relief, Mont. Code Ann. §§ 46-21-101, -102(1) (2009), and/or a motion to withdraw his guilty plea, id. § 46-16-105(2), and/or he may file in the Montana Supreme Court a petition for writ of habeas corpus, id. § 46-22-101. The Court cannot tell him what to file, but it is clear that state remedies remain available to him if he acts promptly. Because Nesdale has not even attempted to present his claims in state court, there is no good cause to stay this case while he litigates his claims there. Rhines v. Weber, 544 U.S. 269, 277 (2004). The petition should be dismissed without prejudice. Nesdale may file anew in this Court if he is unsuccessful in state court. See also Davis v. Silva, 511 F.3d 1005, 1009 (9th Cir. 2008) (describing "fair presentation" requirement).

A certificate of appealability should be denied. While there is not enough

information to determine whether Nesdale has made a substantial showing that he was deprived of a constitutional right, 28 U.S.C. § 2253(c)(2), reasonable jurists could not disagree about the procedural ruling, Slack v. McDaniel, 529 U.S. 473, 484 (2000). Nesdale may proceed in state court.  To date, he has simply failed to do so.  He will not be prejudiced by dismissal at this stage.  Id. at 485-86.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1.  The Amended Petition (doc. 4) should be DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies.

2.  The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3.  A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Nesdale may serve and file written objections to this Findings and Recommendation within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendation to which objection is made.  The district judge may accept, reject, or modify, in whole

or in part, the Findings and Recommendation. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Nesdale must immediately advise the Court of any change in his mailing address by filing a "Notice of Change of Address."</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 21st day of March, 2011.

        /s/ Jeremiah C. Lynch
       Jeremiah C. Lynch
       United States Magistrate Judge